UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| OWEN HARTY, Individually, | : | Case No. 7:15-cv-08650-KMK |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| v. | : | MEMORANDUM OF LAW IN |
| | : | SUPPORT OF PLAINTIFF'S |
| ENSIGN REALTY ASSOCIATES LLC, A New | : | APPLICATION FOR ATTORNEYS' |
| York Limited Liability Company, | : | FEES, COSTS AND LITIGATION |
| | : | COSTS |
| Defendant. | : | |
| | : | |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
APPLICATION FOR ATTORNEYS' FEES, COSTS AND LITIGATION EXPENSES

I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff, Owen Harty, filed the Complaint in this action on November 3, 2015 against Defendant, Ensign Realty Associates ("Ensign") alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. at Defendants' property, Atrium Plaza (the "Plaza"), 401 West Route 59, Monsey, NY 10952. (Dkt. 1). Therein, Plaintiff alleged that he encountered architectural barriers at the Plaza that prevented him from entering and shopping at the stores located therein. Defendant is liable for these violations because it is the owner of the Plaza.

On November 5, 2015, Plaintiff's local counsel filed a motion for the undersigned to appear *pro hac vice* in this matter as lead counsel. (Dkt. 5). This motion was necessary because Plaintiff had been unable to find an attorney admitted in New York State to represent him in ADA Title III actions. *See* Declaration of John F. Ward ("Ward Decl."), at ¶¶ 6-7. This Court granted the motion on January 19, 2016. (Dkt. 6).

1

On June 22, 2016, Plaintiff filed a First Amended Complaint to add a cause of action under New York state law.  (Dkt. 7).  On July 5, 2016, Plaintiff served the Summons and First Amended Complaint upon Defendant Ensign at the registered address on file with the New York Department of State.  (Dkt. No. 8).  Ensign's responsive pleading was due on July 26, 2016.  *Id*.  No counsel entered an appearance for Ensign, and Ensign failed to plead or otherwise defend the action filed against it.

On November 15, 2017, Plaintiff filed a Request to Enter Default.  (Dkt. 14).  On November 22, 2017, the Clerk of Court entered a Certificate of Default. (Dkt. 17).  On January 19, 2018, Plaintiff filed an Order to Show Cause ("OTSC") for Default Judgment against Defendant.  (Dkt. 21).  Defendant did not respond to the OTSC and did not appear at the Show Cause Hearing held on February 14, 2018.  On February 14, 2018, the Court entered default judgment in favor of Plaintiff.  (Dkt. 26).

On April 12, 2018, Plaintiff began the process of scheduling a Sheriff's Sale of the subject property.  Plaintiff obtained a copy of the S.D.N.Y. abstract of judgment requested by Rockland County.  Plaintiff subsequently requested and obtained execution papers from Rockland County.  Plaintiff forwarded the execution papers to the Rockland County Sheriff's Office, along with other required documents and a check in the amount of $1,578.32 to cover the costs of the sale.

During the period from September, 2018 through June 6, 2019, the Rockland County Sheriff's Office made several requests for additional information, updated execution extension letters, revision of documents, and a replacement for a lost check.  Plaintiff complied with each request. The Sheriff's Office scheduled the sale of the subject property thereafter.

By the end of May, 2019, Defendant had apparently received notice of the scheduled Sheriff's Sale.  On May 30, 2019, Defendant's counsel contacted Plaintiff's counsel for the first time.  The parties discussed the case, but were unable to reach a settlement.

On June 24, 2019, Defendant filed an Emergency Motion to Vacate Default Judgment. (Dkt. 27).  On June 29, 2019, Plaintiff filed his response.  (Dkt. 33, 34).  Due to technical difficulties with the NextGen ECF system, Plaintiff re-filed his Declaration on July 1, 2019.  (Dkt. 35).  The Court held a hearing on July 10, 2019.  (Dkt. 43).  The Court entered an Order granting Defendant's emergency motion to vacate the default on July 11, 2019.  *Id.*

During the period from July 12, 2019 through October 24, 2019, the parties were engaged in settlement discussions.  On October 28, 2019, Plaintiff filed a letter motion advising the Court that the parties had reached a settlement.  (Dkt. 47).  On November 1, 2019, Plaintiff filed a proposed consent order. (Dkt. 49).  On November 6, 2019, the Court entered an final order approving and entering the consent decree and dismissing the case.  (Dkt. 51).

II. LEGAL DISCUSSION

   A.  Plaintiff Is Entitled To His Attorneys' Fees, Costs, and Litigation Expenses.

Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action.  Attorneys' fees, costs, and litigation expenses are recoverable under the ADA.  42 U.S.C. § 12205.  Plaintiff is entitled to recover his attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. §12205 and the consent decree between the parties.

B. Plaintiff's Attorneys' Fees, Costs and Litigation Expenses Are Reasonable.

Plaintiff's request for legal fees, costs and litigation expenses is reasonable and should be approved in full. The hourly rate sought by Plaintiff's counsel is within the recognized range for seasoned civil rights litigators in this jurisdiction, the billing entries submitted by Plaintiff's counsel are precise and detailed, and the time billed for preparing pleadings is justified and entirely appropriate. Any and all costs and litigation expenses were necessarily incurred in the prosecution of this action.

1. Plaintiff's Counsel Should Be Awarded His Stated Hourly Rate.

In *Cocuzza v. Rockland Cty.*, No. 17 Civ. 8217 (KMK) (PED), 2019 U.S. Dist. LEXIS 194993 (S.D.N.Y. Nov. 7, 2019), a very recent recommendation and report addressing a prevailing civil rights plaintiff's application for attorneys' fees, Magistrate Judge Paul E. Davidson observed:

> "Precedent in the Southern District of New York demonstrates that a reasonable hourly rate for a civil rights attorney can range from $250 to $650." *Coakley* [*v. Webb*, No. 14 Civ. 8438 (ER)], 2016 U.S. Dist. LEXIS 30780, 2016 WL 1047079, at *3 (S.D.N.Y. 2016) (citing *Abdell v. City of New York*, 2015 U.S. Dist. LEXIS 25510, 2015 WL 898974 (S.D.N.Y. Mar. 2, 2015) (listing cases)). Additionally, "[w]hile the Court is aware that smaller law firms typically charge lower hourly rates than large, corporate firms, precedent in this District clearly demonstrates that experienced solo civil rights practitioners and civil rights attorneys from small law firms have been awarded hourly rates as high as [*11] $550 to $650." Id. at 5 (collecting cases).
>
> In *Coakley*, the Court reduced the requested fee of $625 to $575 despite the notable qualifications and experience of the attorney due to "the duration and simplicity of this case." *Id*. at 3-6; see also *Dancy v. McGinley*, 141 F. Supp. 3d 231, 237, 239 (S.D.N.Y. 2015) ($400 per hour was reasonable for an experienced civil rights attorney who had litigated civil rights actions for more than two decades and was a partner at a civil rights fit u due to "the relatively uncomplicated nature of th[e] matter"); *Spencer v. City of New York*, No, 06 Civ. 2852 (KMW), 2013 U.S. Dist. LEXIS 161693, 2013 WL 6008240, at *3-5 (S.D.N.Y. Nov. 13, 2013) (setting the hourly rate at $400 for an experienced civil rights litigator, and solo practitioner, who did not submit any evidence in support of his claimed customary rate of $500 per hour); *Balu v. City of New York*, No. 12 Civ. 1071 (KPF), 2016 U.S. Dist. LEXIS 29264, 2016 WL 884666, at *3-4 (S.D.N.Y. Mar. 8, 2016) (awarding $450 per hour to an attorney who submitted corroborating declarations from two other attorneys and a judicial award in a separate

litigation, and based on his "experience and prior successes in the area of civil rights litigation, the positive manner in which the jury in the instant trial reacted to him, and recent attorneys' fees decisions."); *Charles v. City of New York*, No. 13 Civ. 3547 (PAE), 2014 U.S. Dist. LEXIS 124056, 2014 WL 4384155, at *3-4 (S.D.N.Y. Sept. 4, 2014) (awarding $450 per hour to a civil rights attorney who, for roughly 13 years, handled all of his firms § 1983 cases, and who represented that his hourly rate was $500 but did not aver that [*12] his clients in fact paid him at that rate); but see *Wright v. City of New York*, 283 F. Supp. 3d 98, 104 (S.D.N.Y. 2017) (finding that the prevailing rate in this community for a civil rights attorney having practiced for approximately nine years, both as a solo practitioner and as a member of a two-attorney firm, and having worked on more than 136 civil rights cases, was between $250 and $350 an hour).

*Cocuzza*, 2019 U.S. Dist. LEXIS 194993, at *10-12.

Other cases, all of which were decided at least five years ago, reflect hourly fee awards in the range of of $450 per hour to civil rights attorneys. In *Barbour v. City of White Plains*, 788 F. Supp. 2d 216, 225 (S.D.N.Y. 2011), aff'd , 700 F.3d 631 (2d Cir. 2012), a 2011 civil rights case, the district court awarded a supporting co-counsel with twenty-two years of experience, eleven of which had been devoted to "his own practice focused on civil rights litigation," an hourly rate of $450. Likewise, in the case of *Brig v. Port Auth. Trans Hudson*, No. 12 Civ. 5371 (RPP), 2014 U.S. Dist. LEXIS 42538, at *2, 15-16 (S.D.N.Y. 2014), the district court awarded a civil rights attorney with approximately fifteen years of experience $128,115.00 in attorney fees based on an hourly rate of $450 for 284.7 hours, along with $9,112.64 in litigation costs. S*ee also Heng Chan v. Sung Yue Tung Corp.*, 03 Civ. 6048 (GEL), 2007 U.S. Dist. LEXIS 33883, 2007 WL 1373118, at *3 (S.D.N.Y. May 7, 2007) (awarding $450 to first-chair attorney with sixteen years' experience and $400 to advisory attorney with fifteen years' experience).

John F. Ward is principal attorney of the firm of John F. Ward, Esquire, PLLC, and of counsel to Thomas B. Bacon, P.A. Mr. Ward has been licensed to practice law since 1997. He is a former shareholder in the Labor & Employment group of Stevens & Lee, an Am Law 200 firm.

5

Mr. Ward has specialized in civil rights litigation throughout his sixteen-year career and has litigated more than one hundred (100) cases under Title III of the ADA on behalf of various plaintiffs in federal district courts. He accepted this case on a contingency basis and no payment was guaranteed. Mr. Ward has functioned as first chair counsel in all aspects of this case.

Mr. Ward was previously awarded an hourly rate of $375 per hour in *Harty v. Par Builders, Inc.*, No. 7:12-cv-02246-CS (S.D.N.Y. 2016) and *Harty v. Bull's Head Realty*, No. 3:11-cv-01760-VLB (D. Ct. 2015). However, these cases were litigated years ago and are inconsistent with the decisions cited above. Further, the U.S. CPI calculator shows that $375 in 2015-16 is equivalent to at least $400 today. *See* https://data.bls.gov/cgi-bin/cpicalc.pl.

In sum, Mr. Ward should be awarded his stated hourly rate of $425.00, which is consistent with the hourly rates awarded in the most recent cases cited above.

III.  CONCLUSION

For the reasons stated above, Plaintiff Owen Harty respectfully requests that the Court grant his request for attorneys' fees, costs and litigation expenses in its entirety.

>
> Respectfully Submitted,
>
> THOMAS B. BACON, P.A.
>
> By: */s/ John F. Ward*
>     John. F. Ward, Esquire
>     329 S. Devon Ave.
>     Wayne, PA 19087
>     (610) 952-0219
>     johnfward@gmail.com
>
> *Attorneys for Plaintiff, Owen Harty*

Dated: November 20, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing Memorandum In Support Of Plaintiff's Application for Attorneys' Fees, Costs and Litigation Expenses was filed electronically with the Court and thereby served on counsel of record for Defendant.

Dated: November 20, 2019                     */s/ John F. Ward*
                                             John F. Ward